**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**EVANSTON INSURANCE COMPANY,**

    Plaintiff,

-vs-               Case No.  6:10-cv-1844-Orl-31GJK

**LARCON CORPORATION,
COUNTRY CLUB POINT
CONDOMINIUM ASSOCIATION, INC.**

    **Defendants.**

_____

# REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNOPPOSED AMENDED MOTION FOR FINAL JUDGMENT UPON DEFAULT (Doc. No. 15)** |
| **FILED:** | June 23, 2011 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNOPPOSED AMENDED MOTION FOR FINAL JUDGMENT UPON DEFAULT (Doc. No. 16)** |
| **FILED:** | June 23, 2011 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

I. **BACKGROUND.**

On December 9, 2010, Evanston Insurance Company ("Evanston") filed a complaint (the "Complaint") against Larcon Corporation ("Larcon") and Country Club Point Condominium Association, Inc. ("Country Club") seeking a declaratory judgment that it has no duty to defend or indemnify Larcon from any claims arising in an underlying state court lawsuit styled *Country Club Point Condominium Association, Inc. v. Larcon Corporation*, Case No. 2009-CA0028492. Doc. No. 1 at 2, 13. Evanston alleges that it has no duty to defend or indemnify Larcon under two policies of liability insurance Evanston issued to Larcon because Larcon breached the cooperation and reporting provisions of the policies. Doc. No. 1 at 3-13.

On December 17, 2010, Evanston served Larcon and Country Club with summons and copies of the Complaint. Doc. Nos. 7-8. Larcon and Country Club failed to respond and on February 1, 2011, default was entered pursuant to Rule 55(a), Federal Rules of Civil Procedure. Doc. No. 11. On June 23, 2011, Evanston two Unopposed Amended Motions for Final Judgment Upon Default against Larcon and Country Club (the "Motions"). Doc. Nos. 15-16. In the Motions, Evanston states that it conferred with counsel for Larcon and Country Club, and they are not opposed to the relief requested. Doc. Nos. 15-16 at 3.

II. **ANALYSIS.**

The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*,

515 F.2d 1200, 1206 (5th Cir. 1975).[1] A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (*citing Nishimatsu*, 515 F.2d at 1206).

Pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure, the Court may enter a default judgment. *Id*. The facts alleged in the Complaint are sufficient to establish that Evanston has no duty to defend or indemnify Larcon in the underlying suit. Doc. No. 1. at 3-13. Moreover, Larcon and Country Club do not oppose the relief requested. Doc. Nos. 15-16 at 3. After reviewing the Complaint and the Motions, it is **RECOMMENDED** that the Court:

1. **GRANT** the Motions (Doc. Nos. 15-16);

2. Direct the Clerk to enter a default judgment in favor of Evanston;

3. Issue a declaratory judgment that under the insurance policies at issue Evanston has no duty to defend or indemnify Larcon in the underlying lawsuit;

4. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

**RECOMMENDED** in Orlando, Florida on June 27, 2011.

/s/ Gregory J. Kelly
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented parties